EHRLICH, Justice.
This is an appeal of a decision of the Florida Public Service Commission denying the request of Manatee County for an order directing that the boundary line between two telephone service exchange areas operated by General Telephone Company be changed. Manatee County sought to have a certain area within Manatee County provided telephone service through an exchange located in Manatee County rather than through an exchange located in Sarasota County which General Telephone is now doing and plans to do in the future. Because the commission’s order relates to the service provided by a telephone utility, this Court has jurisdiction. Art. V, § 3(b)(2), Fla. Const.
*764 Manatee County initiated this proceeding before the Public Service Commission by filing a request that the commission direct General Telephone Company to change the boundary line between two telephone service exchange areas. Manatee’s request pertained to a four-square-mile area in Manatee County contiguous to Sarasota County. The area is largely uninhabited now but is expected to undergo substantial development in the future. General Telephone Company intends to provide telephone service to this area through its Sarasota Northside exchange, which it does to other areas of Manatee County south of Bradenton, and near the east-west lateral boundary between the two counties. Manatee County sought to have this newly developing area of its territory served instead through the telephone company’s Bradenton exchange in Manatee County.
The pleadings filed and the evidence and argument presented to the Public Service Commission at the formal hearing show Manatee County’s position to be as follows: that the provision of telephone service to the area in question through the Sarasota Northside exchange will (1) cause people confusion as to their county of residence; (2) undermine residents’ sense of identity with Manatee County; (3) hinder the provision of services to the area by the county; (4) cause a loss of business to merchants in Manatee County thus retarding economic development; (5) penalize telephone customers residing in Manatee County but served from Sarasota County; and (6) cause a loss of tax revenues to Manatee County.
The commission found that no residents or property owners in the area had complained about the telephone service; that residents of adjacent subdivisions in Manatee served from Sarasota Northside were satisfied with the service; that confusion as to county of residence was due in part to postal designations and had been largely corrected; that lack of knowledge of the location of the county boundary could be corrected by better public information and education; that the routing of south Manatee emergency assistance calls through the Sarasota Northside exchange before they are put through to the emergency assistance agency in Manatee County did not cause a significant delay and that the system would soon be changed so as to cause no delay; that the phenomenon of residents of one county patronizing businesses in another county was not due to telephone exchange numbers and that merchants were free to advertise in the yellow-pages directories of either Bradenton or Sarasota or both; that there was now no problem of payment of property taxes in the wrong county; and that the erroneous imposition of telephone bill surcharges on Manatee residents for fees imposed by Sarasota County had been corrected. The commission found that there were no deficiencies in quality of actual telephone service that were in any way attributable to the location of the exchange boundary. The commission also found that the requested change would require a substantial expenditure that would have to be recovered from rate-payers. In short, the commission did not find that the concerns of Manatee County are a function of telephone exchanges.
The commission referred in its order to section 364.14(2), Florida Statutes (1985), which provides:
Whenever the commission finds that the rules, regulations, or practices of any telephone company are unjust or unreasonable, or that the equipment, facilities, or service of any telephone company are inadequate, inefficient, improper, or insufficient, the commission shall determine the just, reasonable, proper, adequate, and efficient rules, regulations, practices, equipment, facilities, and service to be thereafter installed, observed, and used and shall fix the same by order or rule as hereinafter provided.
The commission expressly found that no inadequacy, inefficiency, impropriety, or insufficiency had been shown.
On review of action of the Public Service Commission, this Court does not re-evaluate or reweigh the evidence, but only determines whether the commission’s decision is supported by competent, sub *765 stantial evidence. Citizens of Florida v. Public Service Commission, 435 So.2d 784 (Fla.1983); General Telephone Co. v. Carter, 115 So.2d 554 (Fla.1959); Fogarty Bros. Transfer, Inc. v. Boyd, 109 So.2d 883 (Fla.1959). Conflicts in the evidence and varying interpretations thereof are for the commission to resolve. Florida Retail Federation, Inc. v. Mayo, 331 So.2d 308, 311 (Fla.1976). The burden is on the party seeking review here to demonstrate that the commission’s determination is arbitrary or unsupported by evidence. Id. at 311.
We are unable to conclude that the commission’s decision in this proceeding was arbitrary or unsupported by evidence.
Manatee County says that the commission must consider more than simply the adequacy of the service. The county relies on section 364.10, Florida Statutes (1985), which provides: “No telephone company shall make or give any undue or unreasonable preference or advantage to any person or locality or subject any particular person or locality to any undue or unreasonable prejudice or disadvantage in any respect whatsoever.” Implicit in the commission’s order, however, is a determination that no action or policy of the telephone company has caused Manatee County’s territory any “undue or unreasonable prejudice or disadvantage.”
Because we conclude that the commission’s findings are supported by competent, substantial evidence and that its decision was not arbitrary or erroneous, we affirm the order of the Public Service Commission.
It is so ordered.
MCDONALD, C.J., and OVERTON, SHAW and BARKETT, JJ., concur. .